UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAMI LYNN WOLFE,

      Plaintiff,

v.                                                                  CASE NO.: 4:20-CV-175

WPS HEALTH SOLUTIONS, INC.,
Commissioner of Social Security,

      Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this employment case, Plaintiff Jami Lynn Wolfe ("Wolfe" or "Plaintiff") filed suit against WPS Health Solutions, Inc. ("WPS" or "Defendant") alleging retaliation and discrimination under the Americans with Disabilities Act of 1990 ("ADA").[1]  Wolfe alleges that WPS discriminated against her due to her disability and retaliated against her for seeking accommodations and making complaints.  Compl. (ECF No. 1).  Defendant has now moved for Judgment on the Pleadings asserting that Wolfe's Complaint was untimely filed, as it was not filed within ninety (90) days of Wolfe receiving an emailed notice of her right to sue.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.  Because the undisputed facts reveal that Wolfe received notice of her right to sue via email on August 6, 2020 but did not file her Complaint until November 16, 2020, this report recommends that the court GRANT Defendant's Motion to Dismiss, and dismiss the Complaint as untimely.

---

[1] Plaintiff's Complaint also initially included a count under the Section 503 of the Rehabilitation Act of 1973.  On January 15, 2020, this Court granted Plaintiff's Motion for Leave to Withdraw and Dismiss that count.  Order (ECF No. 17).

# I.     **BACKGROUND**

On July 1, 2019, Wolfe filed her Complaint (Complaint No. I00212311) with the United States Department of Labor, Office of the Federal Contract Compliance Programs ("OFCCP") regarding her termination of employment.  Pl.'s Decl. ¶3 (ECF No. 21-1, at 1).  When filing her Complaint, Wolfe provided the OFCCP with contact information including her email address.  Id. ¶4.

During the course of the OFCCP investigation Wolfe communicated primarily over the phone with OFCCP investigator Mohammad Hossain ("Hossain").  Id. ¶5 (ECF No. 21-1, at 1-2).  According to Wolfe, Hossain once told her that he had sent her an email but had not received a response.  Wolfe informed him that she did not regularly check her email and that the best way to reach her was by phone.  Id.  She alleges that she only accesses her email through an internet browser on her laptop.  Id. ¶4 (ECF No. 21-1, at 1).  Wolfe describes Hossain as subsequently engaging in a "pattern and practice" of communicating with her via phone and asserts that he never advised her to check her email or informed her that a notice of right to sue might be sent using email.  Id.  ¶5 (ECF No. 21-1, at 1-2).

The OFCCP concluded its investigation and prepared a letter documenting the result on August 5, 2020.  Letter (ECF No. 21-1, at 3) (showing the date the OFCCP issued the letter).  On August 6, 2020, Hossain sent Wolfe an email stating that he was "providing her with a copy of the complaint investigation."  The text of the email also stated, "[w]e will be sending out the Notice of Right to Sue by certified mail.  Please be on the lookout for the certified mail."  Email from Hossain, Aug. 6, 2020 (ECF No. 21-1, at 10).  Attached to the August 6 email was a six-page document, which included the three-page letter (dated August 5), as well as a Notice of Right to

Sue ("RTS") and related instructions.  It is undisputed that Wolfe received the email and its attachments on August 6, but Wolfe asserts that she did not see Hossain's email or its attachments until after the letter and notice of right to sue arrived on August 17, 2020, by certified U.S. Mail. Pl.'s Decl. ¶6 (ECF No. 21-1, at 2).  The letter and notice received by mail were identical to the email attachment – one six-page document with continuous numbering.  In other words, page 1 is numbered "1 of 6," such that looking at the first page indicated it is a six-page document.  See Letter (ECF No. 21-1, at 3-8).  However, the attachment did not contain any reference to having been sent by email.  See id.  Wolfe alleges that sometime "subsequent" to her receipt of the notice of right to sue via certified mail she saw the August 6, 2020 email but "did not understand that the RTS was attached to the email" until after initiating her civil action.  She notes that the language of the email and the fact that Hossain had "routinely attached a copy of the Initial Complaint" to previous emails, led her to believe the RTS would be arriving by mail.  Pl.'s Decl. ¶8 (ECF No. 21-1, at 2).

## II.  **STANDARD OF REVIEW**

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is "assessed under the same standard that applies to a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)); see also Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002) (stating that in a Rule 12(c) motion, all facts asserted in the complaint must be taken as true and all reasonable factual inferences must be drawn in favor of the nonmoving party).  When reviewing a Rule 12(c) motion, however, a court may consider all pleadings, including answers and attached exhibits, instead of reviewing only

the complaint.  See Seneca Ins. Co. v. Shipping Boxes LLC, 30 F. Supp. 3d 506, 510 (E.D. Va. 2014); Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012).  Rule 12(c) allows a court to take the answer's factual allegations as true to the extent the allegations have not been denied or do not conflict with the factual allegations in the complaint.  Mendenhall, 856 F. Supp. 2d at 724.  Under Rule 12(c), a court may consider documents incorporated by reference without converting the motion to summary judgment if the documents are central to the claim and not in dispute.  Id.  A court shall grant a motion for judgment on the pleadings under Rule 12(c) when the "movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  Quality Props. Asset Mgt. Co. v. Trump Va. Acquisitions, LLC, No. 3:11-CV-00053, 2012 U.S. Dist. LEXIS 115225, at *6 (citing O'Ryan v. Dehler Mfg. Co., Inc., 99 F. Supp. 2d 714, 718 (E.D. Va. 2000)).

### III.   RECOMMENDATION

Plaintiff's Complaint consists of two counts both of which arise under the ADA.  To maintain a claim under the ADA, a plaintiff must bring suit within 90-days of the receipt of a final administrative action.  42 U.S.C. § 2000e-5(f)(1).  "The 90-day filing requirement applicable to claims under . . . the ADA is 'strictly construed.'"  Pennington v. Gen. Dynamics Armament & Tech. Prods., Inc., No. 1:12CV00063, 2013 U.S. Dist. LEXIS 93904, at *3-4 (W.D. Va. July 2, 2013) (quoting Asbury v. City of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va. 2009)).  The Fourth Circuit has rejected an "actual receipt" rule for determining the commencement of the 90-day period.  Beale v. Burlington Coat Factory, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999) (quoting Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987)).[2]  Instead, delivery

---

[2] Many of the cases addressing the 90-day period involve a notice of a right to sue issued by the EEOC.  Here, the notice of right to sue was issued by the OFCCP.  Because the OFCCP was acting as an agent of the EEOC when it issued the Right to Sue Notice to Wolfe, the same analysis applies.  See 41 C.F.R. § 60–742.5(a).

of the right to sue to Plaintiff's home triggers the 90-day limit even if Plaintiff did not receive the letter on the date of delivery. Id. Additionally the Court has adopted procedural rules, such as the presumption that "service by regular mail is received within three days" if the date of actual receipt is unknown. See Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007) ("When the date that a potential plaintiff received actual notice of right-to-sue is disputed or unknown, Fed. R. Civ. P. 6(e) creates the presumption that notice was received three days after it was mailed."). But "if the actual date of receipt is confirmed by evidence, that date governs." Nguyen v. Inova Alexandria Hosp., No. 98-2215, 1999 WL 556446, at *3 (4th Cir. 1987).

If a plaintiff files more than 90 days after receiving the right-to-sue letter, the Fourth Circuit has adopted a "flexible rule" which allows a court to excuse the late filing if grounds for equitable tolling exist. Harvey, 813 F.3d at 654. Equitable tolling depends on a case-by-case examination of the facts and should be used sparingly. Nguyen, 1999 WL 556446, at *3.

**A.     The Right to Sue Notice Was Delivered Via Email on August 6, 2020, Triggering the 90-Day Filing Period.**

It is undisputed that the email from Hossain and its attachment arrived in Wolfe's inbox on August 6, 2020. But Wolfe alleges that she "did not have actual knowledge of the OFCCP's issuance of the RTS until her receipt of a paper copy via certified mail on August 17, 2020." Pl.'s Mem. Opp'n J. Pleadings (ECF No. 21, at 4) (emphasis added). Thus, she claims, "[t]he earliest date on which Plaintiff actually knew of her right to sue was August 17, 2020."[3] Id. at 4-5. This argument is unavailing, as the Fourth Circuit has rejected an "actual receipt rule." Harvey, 813 F.

---

[3] As August 17, 2020 is obviously longer than three days from the date of the letter (August 5), Wolfe is not relying on any presumption to establish her date of receipt of the letter. Instead, she has submitted an envelope postmarked August 14 and a sworn declaration that she did not receive it until August 17. Wolfe Decl. ¶ 6 (ECF No. 21-1, at 2). Plaintiff observes that the August 17 date is the last date on which receipt of notice would render her complaint timely. Because this recommendation concludes the 90-day period was triggered by the August 6 email, it is not necessary to finally resolve any dispute about the date of the letter's arrival.

2d at 654 (following the Fifth and Eleventh Circuits in rejecting the actual receipt rule, as "Congress intended to require claimants to act expeditiously, without unnecessary delay"). Courts within the Fourth Circuit have repeatedly found that delivery of the notice of right to sue is sufficient to trigger the 90-day period regardless of whether the plaintiff actually receives the physical document. See, e.g., Bennett v. Fed. Paper Bd. Co., No. 94-2151, 1995 U.S. App. LEXIS 36305, at *2-4 (4th Cir. Dec. 21, 1995) (holding that plaintiff's claim was untimely when the plaintiff failed to retrieve her right to sue letter from the post office); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) (finding that the limitations period was triggered when the Postal Service delivered notice to the plaintiff that she could pick up her EEOC letter, not when plaintiff actually picked it up); Asbury v. City of Roanoke, 599 F. Supp. 2d 712, 718-19 (W.D. Va. 2009) (holding that a pro se plaintiff's claim was untimely when it was not filed within 90-days of delivery to plaintiff's address although plaintiff was out of the country and did not come into possession of the letter until days later).

Courts have followed similar reasoning in determining that a facsimile initiates the 90-day period, even when followed by the mailing of a hardcopy of the notice of right to sue. See Harlan v. Time Warner Cable, Inc., No. 07-1267, 2008 WL 11515580 (W.D. La. June 17, 2008); Morse v. Simley Corp., 406 F. Supp. 2d 1286 (M.D. Fl. 2005). In Harlan v. Time Warner Cable, Inc., plaintiff's counsel was sent a facsimile, which included a right to sue, while she out of the office. Harlan, 2008 WL 11515580, at *1-2. Counsel did not return to the office until four days later— the same day that counsel received the notice through the mail. Id. at *2. Although the complaint was filed within 90 days of receiving the letter via mail, the court dismissed the complaint as untimely, as it was filed 92 days after the facsimile reached counsel's office. Id. at *2, 4. In doing so, the court noted that "delivery, not retrieval and viewing of the EEOC right-to-sue letter to the

office of formally designated counsel or to the claimant triggers the ninety-day limitation period."[4]
Id. at *3.

With respect to emails, courts within the Fourth Circuit have found that delivery of a notice
of right to sue via email also triggers the 90-day filing period. Stewart v. Johnson, 125 F. Supp.
3d 554, 559-60 (M.D.N.C 2015); Ward v. Comm'r of Soc. Sec., No. WDQ-11-1004, 2012 WL
122412, at *2, 4 (D. Md. Jan. 12, 2012). This holds true even if the initial email is followed by a
paper copy of the notice. Stewart, 125 F. Supp. 3d. at 560 (stating that the fact that counsel
received a subsequent copy through the mail did not change that the 90-day window started when
plaintiff and his counsel were notified of the Final Agency Decision through email). Accepting
Wolfe's statement that she  did not see the August 6 email until after the letter arrived on August
17, the situation parallels that of Harlan in which the plaintiff's attorney received delivery of a fax,
but did not see the fax until days later. See Harlan, 2008 WL 11515580, at *1-2. The fact that
Wolfe neglected to read her emails does not change the fact that she received delivery of her notice
of right to sue via email on August 6, 2020, and that this receipt triggered the beginning of the 90-
day filing period. Wolfe's filing was thus untimely unless equitable tolling applies.

**B.     Equitable Tolling Does Not Apply as Plaintiff Has Not Established that She Was
        Prevented from Asserting Her Rights Due to the Defendant's Conduct or
        Extraordinary Circumstances.**

The Supreme Court has established that the 90-day limitations period is subject to equitable
tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). However, the Supreme
Court has only recognized the application of equitable tolling in limited situations and not in cases
"where the claimant failed to exercise due diligence in preserving [her] legal rights." Irwin v.

---

[4] While Harlan speaks specifically to the Fifth Circuit, the Fourth Circuit follows a similar approach. Harvey v. City
of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987) (following the Fifth and Eleventh Circuits in rejecting
the actual receipt rule).

Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)).  In the Fourth Circuit such equitable remedies are applied "sparingly," and "do not extend to what is at best a garden variety claim of excusable neglect." Gayle v. United Parcel Serv., 401 F.3d 222, 226-27 (4th Cir. 2005); Olson v. Mobil Oil Corp., 904 F.2d 198, 200 (4th Cir.1990).

While Wolfe does not expressly claim to be making an equitable tolling argument, her arguments that she did not "receive" the email raise three bases on which to consider equitably tolling the 90-day limit: (1) the OFCCP, through Hossain, regularly communicated with her via telephone and was aware that she did not often check her email; (2) "[t]he faces of the RTS and accompanying letter contain no indications that they were sent to Plaintiff via any means other than certified mail;" and (3) the text of the email states that the RTS will be mailed to Wolfe and does not make clear that that it was also attached to the email.  Pl.'s Mem. Opp'n J. Pleadings (ECF No. 21, at 6).

Wolfe's first argument is without merit.  The fact that Wolfe did not regularly check her email no more entitles her to equitable tolling than a failure to check one's regular mail would. See, e.g., Moses v. Home Depot Inc., No. 16-2400 (MAS) (DEA), 2017 WL 2784710, at *7 (D.N.J. June 27, 2017) ("[A] delay solely caused by the inability to read an e-mail message is not an extraordinary circumstance that justifies equitable tolling."); De Quinonez v. Christian Children's Fund, No. 3:97CV47, 1997 U.S. Dist. LEXIS 9589, at *2, 6 (E.D. Va. June 12, 1997) (noting that Plaintiff was at fault for the sixteen day delay in receiving her EEOC letter when she did not take all reasonable steps to ensure she received her mail while she was in and out of town); O'Neal v. Marine Midland Bank, N.A., 848 F. Supp. 413, 418 (W.D.N.Y. 1994) ("[R]ecogniz[ing] that a plaintiff must take reasonable steps to ensure her actual receipt of a right to sue letter.");

<u>Griffin v. Prince William Hospital</u>, 716 F. Supp. 919, 921 (E.D. Va. 1989) ("That plaintiff apparently did not check the mailbox over at least a two week period or that he may have changed his address is immaterial."). Additionally, Wolfe voluntarily provided her email to the OFCCP and acknowledged that she had received prior communications from the OFCCP via email. Pl.'s Decl. ¶4-5 (ECF No. 21-1, at 1-2). In fact, Wolfe's complaint was submitted to OFCCP electronically. Compl. Ex. 1 (ECF No. 1-1). Both the letter resolving it and the right to sue notice were electronically signed. Compl. Ex. 2 (ECF No. 1-2). Thus, Wolfe was aware that she would likely receive information from the OFCCP through email. She was also aware of the specific email in question prior to filing. As a result, her failure to diligently monitor her email does not warrant equitable tolling.

Wolf's second argument – that the physical copies of the letter and notice of right to sue that she received by mail did not refer to having been sent by email – also fails, as this omission did not prevent plaintiff from diligently pursuing her rights. Most important to this finding – the date on the mailed letter and the RTS indicated that both had been issued and electronically signed on August 5, 2020, the day before the email arrived on August 6, 2020. Thus, Wolfe could have filed within 90 days of that date to ensure the preservation of her right to sue. Again, there is no dispute that she read the mailed copy of the August 5 letter by August 17 at the latest.

Lastly, Plaintiff is correct that the language of the August 6, 2020 email does not make clear that the Notice of Right to Sue was attached. The fact that Hossain's email advised Wolfe to "be on the lookout" for the mailed copy is confusing in light of the fact that the RTS was attached. Nonetheless, "[a]n EEOC counselor providing false or misleading information to a plaintiff does not necessarily warrant equitable tolling." <u>Moses</u>, 2017 WL 2784710, at *6. The email text does state that it is providing Wolfe with a copy of the complaint investigation, which did include the

RTS.  Email from Hossain, Aug. 6, 2020 (ECF No. 21-1, at 10).  Plaintiff's own affidavit states

that she observed the email in her inbox sometime before initiating her lawsuit.  Pl.'s Decl. ¶8

(ECF No. 21-1, at 2).  While the language of the email is less than clear, Plaintiff would have been

aware from receiving the later hardcopy that the attached decision and RTS are one continuously

numbered document, with the RTS numbered page "6 of 6," and digitally signed on August 5,

2020.  Thus, even if Plaintiff did not initially know that she received the email, once she did learn

this she had ample time to diligently pursue her rights by reviewing the specifically referenced six-

page attachment.  Had she done so, Plaintiff would have still had time to file her claim within the

90-day period.  See, e.g., Vogel v. American Home Products Corp. Severance Pay Plan, No. 96-

2674, 1997 WL 577578, at *3 n.4 (4th Cir. Sept. 17, 1997) (declining to apply equitable tolling

where plaintiff was represented by counsel and still had 10 days to file suit after receiving a second

copy of his right to sue letter); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42

(4th Cir. 1993)  (declining to apply equitable tolling where the plaintiff had 85 days after picking

up her right to sue letter to file claims).  In sum, although the email was imprecisely worded, the

evidence does not establish that the OFCCP "lulled" Wolfe into not acting or otherwise misled her

by sending an email and then mailing a hardcopy.[5]  Morse v. Simley Corp., 406 F. Supp. 2d 1286,

1288 (M.D. Fl. 2005) (denying equitable tolling when hardcopy letter arrived four days after fax

copy of notice).

       For the foregoing reasons, this Report recommends that the Court GRANT defendant's

Motion for Judgment on the Pleadings (ECF No. 19), and DISMISS the claim as untimely.

---

[5] Again, Wolfe has not argued that the agency's action constitutes grounds for equitable tolling.  Those cases in which
equitable tolling is applied due to the agency's conduct generally require misconduct by an adversary which results in
the missed deadline.  See Weick v. O'Keefe, 26 F.3d 467, 470 (4th Cir. 1994) (finding equitable tolling appropriate
where Naval officers lied to claimant regarding allegedly discriminatory hiring practice).

## VI.    REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 7, 2021

11