IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAMI LYNN WOLFE,

Plaintiff,

v.                                                          CIVIL ACTION NO. 4:20-cv-175

WPS HEALTH SOLUTIONS, INC.

Defendant.

*MEMORANDUM OPINION AND ORDER*

The matter currently before the Court is Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R&R") regarding Defendant's Motion for Summary Judgment. ECF Nos. 19, 27, 28.

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In other words, "'the court should make an independent determination of the issues' and should 'not . . . give any special weight to the [prior] determination.'" *United States v. Raddatz,* 447 U.S. 667, 675 (1980). (quoting *United States v. First City Nat'l Bank,* 386 U.S. 361, 368 (1967)) (alterations in the original). "The district judge may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). This Court reviews *de novo* only those portions of the R&R where a party has raised specific objections. 28 U.S.C. § 636(b)(1). The objections must be specific and particularized. *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir. 2007).

The Court has carefully and independently reviewed the record in this case and Plaintiff's three objections to the R&R. ECF Nos. 28, 29. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The Court finds that on August 6, 2020, the Office of Federal Contract Compliance (the "OFCCP") delivered its Notice of Results of Investigation ("NORI") to the Plaintiff via email. ECF No. 1 at Exhibit 2. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has rejected an "actual receipt rule" and, rather, has held that delivery of the notice of right to sue is sufficient to trigger the 90-day period regardless of whether the plaintiff actually receives the physical document. *See Harvey v. City of New Bern Police Dep't.* 813 F.2d 652, 654 (4th Cir. 1987); *Watts-Means v. Prince George's Family Crisis Ctr.* 7 F.3d 40,42 (4th Cir. 1993). Therefore, Plaintiff's 90-day period commenced on August 6, 2020 and her suit, filed November 16, 2020, is untimely. Moreover, the Court does not find grounds for equitable tolling exist.

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed April 7, 2021. ECF No. 27. Accordingly, Defendant's Motion for Summary Judgment, ECF No. 19, is hereby **GRANTED.**

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
May _ , 2021

UNITED STATES DISTRICT JUDGE